CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 17 2019

JULIA C. DUDLEY, CLERK
BY: /s/ [signature]
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA

**MELVIN DINKINS**
**2111 MICHIE DR #10A**
**CHARLOTTESVILLE, VA 22902**
        **PLAINTIFF,**

3:19CV00030

V

**REGION TEN CSB**
**500 OD LYNCHBURG RD**
**CHARLOTTESVILLE, VA 22903**
        **DEFENDANT,**

## FEDERAL COMPLAINT
## ATTORNEY OF RECORD CIVIL ACTION PRO SE

**BROUGHT BEFORE THE HONORABLE JUDGES OF THIS WESTERN DISTICT COURT, Plaintiff states:**

1. Congressional leadership negating unseemly collection practices and Dept. of Justice Civil Fraud 4-4., are referenced.

2. The Parties' service contract exercised for 17 years until 2018/2019 – and is **introduced in Federal Court** after State Testimony by Defense was contradicted. **(Exhibits X & Y)**.

1

3. Argument accumulating the charges which led to said contradiction, involve an "Abuse of Assets" – including Misrepresentation and Fraudulent Misappropriation – documented in electronic and hardcopy **Exhibits A, B, and C** and submitted to **emphasize** action wielding the "finding and declarations of purpose" in Federal law **USC 1692 Title 15**.

4. Represented Pro Se in this case, the Plaintiff will convey how Causes of Action from State Court are retained with Federal Jurisdiction, relevant with Damages to Plaintiff, and affect other "Real Parties in Interest".

### Pro Se Mr. Dinkins/Region Ten CS

5. Pro Se Plaintiff Mr. Melvin Dinkins, lives in Charlottesville, Virginia, at 2111 Michie Dr. Apt. 10A.  Mr. Dinkins has been a

recipient of Social Security benefits since 1989, was excused from medications & therapy in 1990, yet is still mandated a "Representative Payee" (simplified often in Pleadings as conservator or fiduciary) for the subsidy.

Once moved to Virginia in 2002, Plaintiff requested the services given by Region Ten CSB. The Pro Se representative and Plaintiff is also a retailer, attempting Self Employment.

6. Region Ten CSB facilitates Mental Health recovery throughout the State of Virginia, and is a corporation registered with the State Corporation Commission – CSB is a Community Services Board - with Headquarters at 500 Old Lynchburg Rd, Charlottesville, Virginia. Their Zip Code is 22903.

3

Region Ten CSB assisted with housing immediately when Plaintiff first arrived, and **Representative Payee** Matt Hain, assisted Dinkins with eliminating massive old debts.

7. Prior Judicial Orders disregarding representation for all "Real Parties in Interest", as well as, Subject Matter Jurisdiction against Medicare Fraud, has repeatedly delayed an opportunity for Defense to present argument.

8. Subjecting the repeated delays and questioning their nature, the Pro Se Motion filed 2019 February, specifies the dates 5/2017, 1/2018, and 3/2018 for noting abeyance of Federal law.

9. The Plaintiff has provided or made available to Defense, all material presented in this case, and will request a Hearing **based on those Pleadings** & Witnesses filed with the Court. The U.S. Inspector General will be included for Testimony.

## STATEMENT OF THE CASE

10. State Court allowed the Defendant's claim - -that **Tort Causes of Action** were being argued in a Breach of Contract case, and, Ruled granting an Immunity Plea by Defense – over Damages from Negligence for the Plaintiff.

11. Original Jurisdiction is **retained therefore with Federal law**, through 2015/2016 Discovery that said Tort Causes of Action included Medicare Up-Coding, with Negligence manipulated to secure the **collection of payment. 28 USC 1331/42 USC 1983**.

5

12. A "Mistake" filed **Exhibit E5** and admitted by Defendant Region Ten CSB Financial Management, was studied after State Proceedings and subsequently, brought to Federal Court in 2017, with **3730 (b)(1) USC Title 31**.

13. Management Testimony contends that their accountant Mary Russ, entered the Up-Coded "Mistake", works in the Fiscal Department, and reports directly to him. **(Exhibit Y79)**.

14. Plaintiff presents the **#12 assertion by Defense** for Federal Court in consideration of – "Material Evidence" of Up-Coding, and in context, the Court might consider "Material Evidence" of False Claims and Fraudulent Misappropriation that **involves** Medicare – within the same **Exhibit Y79**.

15. The Court will find therein **Exhibit Y79**, that the Plaintiff arrived 1/9/2013 at a **Financial Assessment four months after Exhibits B & C** Billing Statements. The same Financial Assessment in which "Mistaken" Up-Coding developed.

16. However Management Testimony explained **how much** was considered by accountant Russ, **not** under **what code** – and yet the Plaintiffs' account was Up-Coded from MHCM to MHSS, ensuring payment through Medicare – citing **Exhibit Y80**.

17. **Exhibit Y80** will also show that Pro Se representation – at that time – could neither comprehend nor appropriately question the "Up-Coding incident contended by Defense to be a "Mistake" of named personnel.

18. The Court is again reminded that Qui Tam in 2017 Pro Se, was too swiftly Dismissed for other "Real Parties in Interest" to respond, and the Court **Clerk has confirmed** that the U.S. Attorney General did not consent. Federal law is explicit on the matter, implemented and recognized commanding authorization as Attorney of Record.

19. As Attorney of Record Pro Se, Federal law is acknowledged **mandating** all "Real Parties in Interest" with Procedural **Rule 17**, and Medicare with **Federal** Subject Matter Jurisdiction - indicating again **Title 28 USC Federal Rule 19**, and particularly, **Title 42 USC 1983 "usage"**.

20. **Attempting to resolve** a series of questioned documents & facts, **initial Cause of Action** is not until June 2014 citing document **Exhibit F**, asserted by Defense "under false pretenses" for Plaintiffs' Signature – **directly** before Plaintiff's checks **began and continued missing until Exhibit X** – Oct. 2014.

21. Further acknowledged is Federal law regarding Special Damages to Plaintiffs' Accounts, Credit, Business, Employment, Medical Insurance, and Property – with Federal **Rule 9(g)**.

## **DAMAGES**

22. The structural integrity of Region Ten CSB, and the blatant, extreme & organized manner in which Plaintiffs' account was manipulated – combined with Plaintiff's arrival to the State of Virginia two months before signing an agreement – implicates a select opportunity for such an established entity to facilitate the conduct it is charged against.

23. Plaint fact is, the Plaintiff spent years paying off old debts after coming to Virginia, and started working again to solidify a retail occupational field into Self Employment – while working part-time toward Management – with **sure** goals of leaving Social Security.

24. Another fact is, the Plaintiff selects official reports, memorabilia and books for distribution, working with Multinationals – they have no problem checking credit anywhere in the world, and, as for retailing Western and Outback material – manufacturers & mall-side Kiosk rentals **will both expect** moderate business credit, whatever their size or location.  Except downtown.

25. Since the discrepancy, Plaintiffs' account remains rampant and accumulating, plus with as second, separate account number.  There is no way of recovering from such devastation to credit, the expensive loan lost in 2015, or multiple other damages, forcing the Pro Se Plaintiff to abandon business and recover through Civil Action.

26. Finally, Pro Se transportation which practically reached **commercial vehicle** stage, the Plaintiffs' **Cargo Van** too has deteriorated, and is recently **dispossessed**.

The results of **unlawfully** engineered Medicare access with automated payment, for any claim conveyed, and secured through devised collection action. Termed "Up-Coding", and specifically in this case, Medicare Fraud.

## Relief Sought by the Plaintiff

27. Transactions conveyed in this case may occasionally be **expected**, or, usually **intercepted mistakes**, in a Representative to Client relationship. Except, certain conditions provide Means for **deliberate** Misrepresentations **and strategic** Misappropriations.

28. Exemplified specifically, targeting **Mental Health Clientele**, and motivated by controlling access to Social Security and Insurance accounts, as well as the private wealth of many **medically vulnerable** individuals.

29. Considered, are documents sent **for remittance by** the Defendant **(Exhibits B & C)** charged against False **and** Fraudulent Claims; the **identified** Up-Coding **(Exhibit E5)**; the **documented initial Cause** of Action **(Exhibit F)**; and, the retention of Plaintiffs' income toward **unlawful collection practices (Exhibits X, Y, D, and Y3)**.

30. The dollar amount charged against Region Ten CSB of $786,000,000. is **sought Pro Se by Mr. Dinkins, the Plaintiff**.

13

31. Severe corrections might only retard the respected work of entities that are consigning resources in Mental Health around multiple communities, **necessary** resources at that. Citizens including myself, might prefer to **repair and secure the exchange points that are found** faulty, however, retaining the integrity of **all associated** individuals.

32. Sustaining business investments and personal property, the Plaintiff has engaged all Parties toward securing conveyances, electronic or otherwise, currently relaying certain public and private interests; whereby, evincing facts of this document with further examples such as **Exhibits Y101 &Y102**, is relevant with Hearing cross-examination in Federal Court, and authorized by the United Sates Code of laws.

33. Prompted in the Interest of all Parties.  Thank you.

Represented Pro Se, I Mr. Dinkins, do certify that a copy of this document has been sent via first class mail, to representatives for the Defendant, this _17th_ day of May, 2018.

Provided to the corporation officers of Region Ten CSB:

Lisa Beitz, Executive Director
500 Old Lynchburg Rd
Charlottesville, VA 22903

Donald D. Long, RA
530 E Main #203
Charlottesville, VA  22902

5/17/2019

_____
Mr. Melvin Dinkins Pro Se

Melvin Dinkins, Attorney of Record
2111 Michie Dr #10A
Charlottesville, Virginia  22902
P 434-979-2440
E Mr.7.Dinkins@gmail.com