CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

07/29/2019

JULIA C. DUDLEY, CLERK
BY: /s/ H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MELVIN DINKINS,<br><br>*Plaintiff,*<br><br>v.<br><br>REGION TEN CSB,<br><br>*Defendant.* | CASE NO. 3:19-cv-00030<br><br><u>MEMORANDUM OPINION</u><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Dkt. 1). Plaintiff has moved to amend his complaint, (dkt. 5), and has also moved for summary judgment, (dkt. 3). The Court will grant Plaintiff's motion to proceed *in forma pauperis* (dkt. 1), grant Plaintiff's motion to amend his complaint (dkt. 5), deny Plaintiff's motion for summary judgment (dkt. 3), and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

### I. MOTION TO AMEND

As a preliminary matter, the Court will grant Plaintiff's "Motion to Amend Pro Se Service and Complaint." (Dkt. 5). The Defendant has not yet been served. According, the Court grants Plaintiff's motion and reviews his filings pursuant to 28 U.S.C. § 1915. *See* Fed. R. Civ. P. 15(a). Therefore, the operative complaint is the amended complaint. (dkt. 7). Defendant's amended complaint references exhibits filed with the original complaint but not with the amended complaint. For purposes of the Court's § 1915 review, however, the Court will consider the amended complaint and the exhibits to the original complaint. *See Goines v. Valley Cmty. Servs.*

*Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (noting that the court may consider exhibits attached to a complaint in assessing its sufficiency).

## II. BACKGROUND

The following summary of facts is based on the amended complaint allegations. The instant action is the latest in a series of suits brought by Plaintiff against Defendant arising from the alleged actions of Defendant. The amended complaint is difficult to understand, mixing references to previously dismissed cases and State court proceedings.

The amended complaint alleges Plaintiff lives in Charlottesville, Virginia, and Defendant is a Virginia corporation with its headquarters in Charlottesville. (Dkt. 7 at 2-3). Plaintiff and Defendant entered into a service contract for seventeen years beginning in 2002. The amended complaint alleges that there was misrepresentation and fraudulent misappropriation documented in exhibits to the complaint "and submitted to emphasize action wielding the 'findings and declarations of purpose' in Federal law USC 1692 Title 15." (*Id.* at 3 (emphasis omitted)). The amended complaint also states that "the Court might consider 'Material Evidence' of False Claims and Fraudulent Misappropriation that involves Medicare." (*Id.* at 6 (emphasis omitted)). In so doing, the amended complaint cites a transcript from a State court proceeding regarding events from 2012 and 2013 about billing statements from Defendant to Plaintiff. (*See* dkt. 2-2 at 16). Plaintiff seeks $786,000,000.00 in damages. (*Id.* at 13).

This is the latest in a string of complaints brought by Plaintiff against Defendant seeking redress for some perceive fraud. In *United States of America, ex rel. Dinkins v. Region Ten CSB*, No. 3:17-cv-00034 (W.D. Va.), Plaintiff filed a suit on behalf of the United States under the False Claims Act, 31 U.S.C. § 3729, relating to his allegations of "Medicare Up-coding." The Court dismissed the suit because a *pro se* litigant may not bring a *qui tam* action on behalf of the United

States. Similarly, in *Dinkins v. Region Ten CSB*, No. 3:17-cv-00055 (W.D. Va.), the Court dismissed Plaintiff's claim under 31 U.S.C. § 3802 (false claims) because the statute did not create a private right of action. In *Dinkins v. Region Ten CSB*, No. 3:18-cv-00001 (W.D. Va.), the court dismissed the case for lack of jurisdiction because none of the rules or statutes referenced in the complaint were sufficient to support federal question jurisdiction and diversity jurisdiction did not exist. Most recently, in *Dinkins v. Region Ten CSB*, No. 3:18-cv-00001 (W.D. Va.), the Court dismissed the case as frivolous.

## III. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2), which governs *in forma pauperis* proceedings, the court has a duty to screen initial filings. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case at any time if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standards for dismissal pursuant to § 1915(e)(2)(B)(ii) are the same as those for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, to survive dismissal for failure to state a claim, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Further, "a judge must accept as true all of the factual allegations contained in the complaint" and accord a liberal construction to a *pro se* litigant's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## IV. DISCUSSION

In the instant case, the Court considers Plaintiff's amended complaint, (dkt. 7). The amended complaint is difficult to understand, mixing references to previously dismissed cases and State court proceedings involving Plaintiff and Defendant. Plaintiff references numerous rules and

3

statutes in the amended complaint, many irrelevant to his claim or merely mentioned without elaboration. Plaintiff appears to assert a claim under the Fair Debt Collection Practices Act. In his amended complaint, Plaintiff alleges:

> Argument accumulating the charges which led to said contradiction [in a State court proceeding], involve an "Abuse of Assets" – including Misrepresentation and Fraudulent Misappropriation – documented in electronic and hardcopy Exhibits A, B, and C [setting out a contract and invoices and adjusted invoices from 2012 to early 2013] and submitted to emphasize action wielding the "finding and declaration of purpose" in Federal law USC 1692 Title 15.

(Dkt. 7 at 2 (emphases omitted)). The action cover sheet states that the cause of action asserted is Medicare fraud, although citing 15 U.S.C. § 1692, (dkt. 2-1).

To sustain a Fair Debt Collection Practices Act claim, a plaintiff must plausibly allege that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the Act, and (3) the defendant has engaged in an act or omission prohibited by the Act. *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n.3 (4th Cir. 2012) (unpublished) (per curiam); *Rogers v. Summit Receivables*, No. 3:17CV00069, 2018 WL 1161144, at *2 (W.D. Va. Mar. 5, 2018) (same). A "debt collector" is defined as "(1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136 (4th Cir. 2016), *aff'd* 137 S. Ct. 1718 (2017); *see* 15 U.S.C. § 1692a(6). The term does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." *Id.* § 1692a(6)(A).

Despite reference to the Congressional findings and declaration of purpose for the Fair Debt Collection Practices Act, the rest of the amended complaint is devoid of allegations related to any collection effort on the part of Defendant. Plaintiff does not allege that Defendant's

4

principal purpose is to collect debts, that Defendant regularly collects debts owed to another, or that Defendant uses a name other than its own in collecting debts. An exhibit to the original complaint does set out an October 31, 2014 letter from Defendant that sought to "collect payments for the services we provide." (Dkt. 2-2 (Ex. X)). The exhibit does not support a claim for an unfair debt collection practice. Rather, the exhibit on its face shows Defendant attempting to collect a debt owed it directly.[1] The amended complaint, therefore, fails to state a claim on which relief may be granted under the Fair Debt Collection Practices Act. Plaintiff does not clearly allege a federal question cause of action other than the Fair Debt Collection Practices Act claim.[2]

Finally, the amended complaint references "Tort Causes of Action were being argued in a Breach of Contract case" in State court but asserts no specific claim for either in the amended complaint. Plaintiff also references, in connection with his Fair Debt Collection Practices Act claim, misrepresentation and fraudulent misappropriation. As noted above, these claims do not create a cause of action under the Fair Debt Collection Practices Act because Plaintiff has failed to allege facts that Defendant is a "debt collector" as defined by the Act. To the extent Plaintiff intends to assert State law claims for misrepresentation and fraudulent misappropriation, the Court will decline to exercise supplemental jurisdiction.

When district courts have original jurisdiction, they shall exercise supplemental jurisdiction over related claims. 28 U.S.C. § 1367. District courts, however, may decline to

---

[1] In his Pro Se Plaintiff Motion for Summary Judgment, Plaintiff represents that the October 31, 2014 Collection Notice was against his account "for the first and only time – mandating payment of all claims." (Dkt. 3 at 9 (emphasis omitted)).

[2] The amended complaint references 42 U.S.C. § 1983 in two paragraphs. First, the complaint cites § 1983 for the proposition that tort causes of action with "Negligence manipulated to secure the collection of payment," provide original federal jurisdiction. (Dkt. 7 ¶ 11). The amended complaint references § 1983 "usage" but in the context of allegations regarding "real parties in interest" and Rules 17 and 19 of the Federal Rules of Civil Procedure. (Dkt. 7 ¶ 19). In neither case does Plaintiff state a claim under § 1983.

5

exercise supplemental jurisdiction if the "district court has dismissed all claims over which it has original jurisdiction." *Id.* 1367(c)(3).[3] Among the factors that inform a district court's discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and consideration of judicial economy. *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). "Generally, when the federal claim is dismissed before trial, the balance of factors to be considered in determining whether to exercise supplemental jurisdiction – judicial economy, federal policy, and comity – point toward declining jurisdiction over the remaining state law claims." *Delk v. Moran*, No. 7:16cv00554, 2019 WL 653008, at *2 (W.D. Va. Feb. 15, 2019) (citation omitted). The Court finds that for reasons of judicial economy and comity it will decline supplemental jurisdiction over any State law claims that might be stated in the amended complaint.

## IV. CONCLUSION

For the reasons set out above, the Court will grant Plaintiff's motion to proceed *in forma pauperis* (dkt. 1), grant Plaintiff's motion to amend his complaint (dkt. 5), deny Plaintiff motion for summary judgment as moot (dkt. 3), and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted.

---

[3] The Court does not have diversity jurisdiction in this action. Generally, absent federal question jurisdiction a Federal court has original jurisdiction only if complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332. "With the exception of certain class actions, Section 1332 requires complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (footnote omitted). Here, the amended complaint alleges Plaintiff lives in Charlottesville, Virginia, and that Defendant is a Virginia corporation with headquarters in Charlottesville. (Dkt. 7 at 2-3). For diversity jurisdiction purposes, a corporation is a citizen of any state in which it is incorporated, plus the state "where it has its principal place of business." *Gateway Residences at Exchange, LLC v. Illinois Union Ins. Co.*, 917 F.3d 269, 272 (4th Cir. 2019) (citing 28 U.S.C. § 1332(c)(1)). Thus, on the face of the amended complaint diversity jurisdiction does not exist and the Court lacks subject matter jurisdiction under § 1332 to hear any state law claims.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and the accompanying Order to the *pro se* Plaintiff.

Entered this __29th__ day of July, 2019.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE