UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
FEB 18 2020
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

| | |
|---|---|
| MELVIN DINKINS,<br><br>*Plaintiff,*<br><br>v.<br><br>REGION TEN, CSB,<br><br>*Defendant.* | CASE NO. 3:19-cv-00030<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on several motions and filings by Plaintiff Melvin Dinkins following this Court's issuance of a Memorandum Opinion and Order dismissing this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Dkts. 8–9. Dinkins has since filed a "Pro Se Federal Rule 59(e) Motion" and accompanying brief in support, Dkts. 10–11, an amended "Pro Se Federal Rule 59(e) Motion" and accompanying brief in support, Dkts. 12–13, and a "Motion for Relief from Order Attorney of Record Federal Rule 60(b)(6)," and accompanying brief in support, Dkts. 14–15.

As explained in this Court's prior Memorandum Opinion, Plaintiff's arguments and claims are difficult to understand, and reference without explanation a host of previously dismissed cases and proceedings. Dkt. 8 at 2–3. Plaintiff has brought numerous claims against the same Defendant seeking redress for some perceived fraud, and all such claims have been dismissed in these prior cases.[1] In this case, Plaintiff seeks $786,000,000 in damages. Dkt. 2 ¶ 30. This Court dismissed

---

[1] *See, e.g., United States of America, ex rel. Dinkins v. Region Ten CSB*, No. 3:17-cv-34 (W.D. Va.) (dismissed because a *pro se* litigant cannot bring a qui tam action); *Dinkins v. Region Ten CSB*, No. 3-17-cv-55 (W.D. Va.) (dismissing claim under statute which did not create a private right of action); *Dinkins v. Region Ten CSB*, No. 3:18-cv-1 (W.D. Va.) (dismissing claim as frivolous for lack of jurisdiction).

1

Plaintiff's amended complaint, explaining that while Plaintiff appeared to assert a claim under the Fair Debt Collection Practices Act ("FDCPA"), the amended complaint failed to state a claim under the FDCPA. Specifically, the amended complaint failed—among other reasons—because it included no allegations about any collection effort by Defendant, or that Defendant's principal purpose is to collect debts, or that Defendant regularly collects debts owed to another, or that Defendant uses a name other than its own in collecting debts. Dkt. 8 at 4–5. Moreover, an exhibit to the amended complaint reflected instead that Defendant was attempting to collect a debt owed to it directly. *Id.* at 5 (citing Dkt. 2-2). This Court further held that the amended complaint did not allege any other federal cause of action, and, to the extent Plaintiff intended to assert a state law claim, the Court declined to exercise supplemental jurisdiction. *Id.* at 5.

In two pending motions and supporting memoranda, Plaintiff seeks relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Dkt. 10–14. Plaintiff has not established that he is entitled to such relief.

As the Fourth Circuit has explained, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). A court may alter or amend the judgment under Rule 59(e) if the movant shows "(1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010). Plaintiff does not address any of those recognized grounds for relief. The Court, however, will construe Plaintiff's motions as arguing that the Court should grant his motion "to correct a clear error of law or a manifest injustice."

Plaintiff's briefs in support of his Rule 59(e) motions reference Medicare fraud and false testimony, and further appear to argue the United States should be brought in as a necessary party in the case. Dkt. 10 at 2–4; Dkt. 11 at 2–3; Dkt. 12 at 4; Dkt. 13 at 2–3. These arguments do not address, much less remedy any of the reasons why this Court previously explained that Plaintiff had not stated a plausible FDCPA claim. Dkt. 8 at 4–5. Rather, these arguments appear to rehash Plaintiff's attempts in this case and earlier dismissed cases to assert a pro se claim for Medicare fraud on behalf of the United States, which Plaintiff cannot do. *See* Order of Dismissal, *United States of America ex rel. Dinkins v. Region Ten CSB*, No. 3:17-cv-34 (W.D. Va. May 19, 2017), Dkt. 5; *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 241 (4th Cir. 2020) (holding "a pro se plaintiff cannot represent the Government's interest in a qui tam suit"); *Rzayeva v. United States*, 492 F. Supp. 2d 60, 78 (D. Conn. 2007) (holding there is no private right of action for Medicare fraud, outside the *qui tam* context). Plaintiff's attempt to characterize the United States as a necessary party does not help his claim survive application of those rules. Nor does anything else in Plaintiff's arguments—which appear to focus on Medicare fraud[2]—demonstrate that the Court committed any "clear error of law or a manifest injustice" in its prior Memorandum Opinion dismissing the case.[3]

---

[2] *See, e.g.*, Dkt. 10 at 2 (citing "the discovery of Medicare Up-Coding" and "documented manipulation to secure Medicare access"). Although one line in Plaintiff's filings suggest that his income was withheld causing "personal credit damages," *id.* at 3, this too appears as a point to bolster claims of Medicare fraud, and, in any event, it does not remedy any of the defects in an FDCPA claim, *see* Dkt. 8 at 4–5.

[3] Plaintiff's glancing reference to the Federal Tort Claims Act fares no better. *See* Dkts. 10 at 4; Dkt. 12 at 4 ("The Federal Tort Claims Act is cited with this case as well."). Plaintiff has not brought suit against any federal entities or employees, and he has not stated a plausible FTCA claim.

Plaintiff also filed a motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure, seeking relief from this Court's prior Memorandum Opinion dismissing the case. Dkt. 14. This motion fails as well.

Rule 60(b) permits a party to seek relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). A party seeking relief under Rule 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). After that threshold showing is met, the movant must satisfy one of the six specific sections in Rule 60(b), which are (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud or misconduct of an adverse party; (4) a void judgment; (5) a satisfied judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). The party seeking relief pursuant to Rule 60(b) must "clearly establish the grounds therefor." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992). Rule 60(b) is an "extraordinary remedy" that "is only to be granted in exceptional circumstances." *LHF Prods., Inc. v. Dash Food Mart*, No. 5:16-cv-27, 2019 WL 1290899, at *2 (W.D. Va. Mar. 20, 2019) (quoting *In re A.H. Robins Co.*, No. 98-1893, 1998 WL 904717, at *1 (4th Cir. Dec. 29, 1998) (unpublished)). Subsection six of Rule 60(b), which Plaintiff invokes, is a catch-all clause, but it "may be invoked in only extraordinary circumstances when the reason from relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)–(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (internal quotation marks omitted).

Plaintiff's motion does not demonstrate his entitlement to relief under Rule 60(b). As with Plaintiff's Rule 59(e) motions, in this motion too he argues that he has stated a claim for Medicare

fraud, Dkt. 14 at 2–3 (¶¶ 3–5), which is unavailing for the reasons cited above. Plaintiff also contends that damages to his "credit & self-employment continue accumulating," and thus he seeks an order from the Court quickly in order to "minimize damages." Dkt. 14 at 1–2 (¶¶ 1–2). But these allegations also do not remedy the defects in Plaintiff's FDCPA claim, nor do they show Plaintiff stated any other plausible cause of action. The Court therefore will deny Plaintiff's Rule 60(b) motion because he has not demonstrated any circumstances at all warranting relief from this Court's dismissal of his amended complaint, much less the "exceptional" circumstances that warrant this "extraordinary remedy."

The Court has construed these pro se filings liberally, and it has scrutinized Plaintiff's arguments and assertions therein with care. However, Plaintiff has not put forward any basis for this Court to reconsider its earlier Memorandum Opinion dismissing his amended complaint, nor has Plaintiff satisfied the standards in Rule 59 or Rule 60. The Court will deny Plaintiff's motions, dismiss this case and strike it from the Court's active docket, in an accompanying Order.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion to Plaintiff.

Entered this \_\_18th\_\_ day of February, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

5